KEVIN W. ROBERTS
CHAD FREEBOURN
ROBERTS | FREEBOURN, PLLC
313 W. Riverside Ave.
Spokane, WA 99201
Telephone: (509) 381-5262
Email: kevin@robertsfreebourn.com

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTIAN COX, a married man, and PACIFIC COAST FIBER FUELS, LLC, a Washington limited liability company, | Case No.: _____ |
| Plaintiffs, | COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF |
| vs. | |
| ALLIANT INSURANCE SERVICES, INC., d/b/a MOLONEY + O'NEILL, a Delaware corporation; DAN ROMAIN and JANE DOE ROMAIN, a marital community; FARMIN, ROTHROCK & PARROTT, INC., a Washington corporation; and KELLY EGAN and JANE DOE EGAN, a marital community. | Demand for Jury Trial |
| Defendants. | |

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 1

COMES NOW, Plaintiffs CHRISTIAN COX, individually, and PACIFIC COAST FIBER FUELS, LLC, by and through their counsel of record, Roberts | Freebourn, PLLC, and allege as follows:

## I.
## PARTIES, JURISDICTION & VENUE

1.1    Plaintiff Christian Cox is an individual residing in Spokane County, Washington.

1.2    Plaintiff Pacific Coast Fiber Fuels, LLC ("Pacific Coast Fiber"), is a Washington LLC, who at all times was in good standing and conducts business in the State of Washington.

1.3    Defendant Alliant Insurance Services, Inc., d/b/a Moloney + O'Neill ("Alliant") is believed to be a Delaware corporation licensed to conduct business in the State of Washington, and at all relevant times conducted business in the County of Spokane, State of Washington.

1.4    Defendant Dan Romain ("Romain") is a Washington resident who at all relevant times was and is employed as an Executive Vice President of Defendant Alliant Insurance Services, Inc., d/b/a Moloney + O'Neill and was conducting insurance business in the State of Washington.

1.5    Defendants Dan Romain and Jane Doe Romain are a martial community residing in the County of Spokane, State of Washington, and all acts alleged by Dan Romain were for the benefit of their martial community.

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 2

1.6    Defendant Farmin, Rothrock & Parrott, Inc.("FRP"), is a Washington corporation and was licensed to conduct business in the State of Washington at all times materially relevant herein, and was conducting business in the County of Spokane, State of Washington.

1.7    Defendant Kelly Egan ("Egan") is a Washington resident who at all times relevant herein was a principal and owner of Defendant Farmin, Rothrock & Parrott, Inc., and was conducting insurance business in the State of Washington.

1.8    Defendants Kelly Egan and Jane Doe Egan are a martial community residing in the County of Spokane, State of Washington, and all acts alleged by Kelly Egan were for the benefit of their martial community.

1.9    Venue is proper because all acts complained of herein occurred in the County of Spokane, State of Washington, all Defendants were conducting business in the County of Spokane, State of Washington and all Defendants are subject to personal jurisdiction of this Court.

1.10    Subject Matter Jurisdiction exists based upon the Federal question presented by 15 USC 1 et. seq. and the Court has Supplemental Jurisdiction over all claims herein pursuant to 28 USC 1367.

## II.
## FACTS

2.1    Plaintiff Christian Cox ("Cox") was employed as Senior Vice President at Alliant.

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 3

2.2    Cox was an owner of Moloney, O'Neill, Corkery & Jones, Inc. when its assets were acquired by Alliant Insurance Services, Inc. in 2014. Cox is an experienced insurance professional that worked for Moloney and then Alliant for a total of a decade.

2.3    When Alliant purchased the assets of Moloney, it included the book of business that Cox had worked to develop. However, Cox was not paid all of the sums for his portion of the ownership at the time of the sale. Instead, Alliant agreed to pay Cox specified sums if Alliant's Spokane property and casualty insurance operation met or exceeded specified revenue targets by a specified date in 2017. The written agreement provided that this payment would be called an "Earn out". This meant that Cox would not fully realize the payment for his ownership interest in Moloney until 2017 when the earn out was paid.

2.4    As an insurance agent for Alliant, Plaintiff Cox duties included quoting insurance premiums for current and potential clients, and ultimately placing insurance policies.

2.5    Plaintiff Cox had a long-standing relationship with the Owner of Pacific Coast Fiber, Joe Mayo, and had often discussed the insurance needs of Pacific Coast Fiber with him.

2.6    In August of 2015, Cox, as an agent for Alliant, investigated an insurance quote for Pacific Coast Fiber and determined that Alliant could not

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 4

provide better insurance coverage at a lower premium.  Cox recommended that Pacific Coast Fiber continue to obtain insurance from its current agent John Richardson and FRP.

2.7     In the Spring of 2016, Pacific Coast Fiber received correspondence from Verlan Fire Insurance Company, its property insurance carrier, informing Pacific Coast Fiber that Verlan would not renew Pacific Coast Fiber's property insurance for the 2016-2017 policy period.

2.8     In 2016, Alliant received an appointment from Philadelphia Insurance Company to sell insurance for the wood products industry, including wood pellet companies such as Pacific Coast Fibers.

2.9     Cox, as an agent for Defendant Alliant, had the ability to quote insurance with Philadelphia's wood products program.

2.10    FRP did not have an appointment to place insurance with Philadelphia's wood products insurance program and thus could not offer a quote to Pacific Coast Fiber from Philadelphia for the 2016-2017 policy period.

2.11    Philadelphia Insurance Company is rated A++ - XV by A.M. Best.  It is an admitted insurance company in the State of Washington and subject to the Washington State Insurance Commissioner's licensing and review requirements and contributes to the Washington State Insurance Guaranty Fund.

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 5

2.12    After learning that Verlan would not renew its property insurance for the 2016-2017 policy period, Pacific Coast Fiber asked Cox for an insurance quote. Pacific Coast Fiber instructed Cox to only send applications to insurance companies that Defendant FRP could not access. Pacific Coast Fiber did not authorize Cox or Alliant to disclose to anyone else that it was shopping for insurance with Alliant. In fact, Pacific Coast Fiber instructed Cox and Alliant that this information was confidential.

2.13    Pacific Coast Fiber's property insurance policy was due to renew/expire on August 31, 2016.

2.14    Prior to obtaining the insurance quote for Pacific Coast Fiber, Cox had heard rumors that Defendant Alliant was in discussions with FRP for the potential purchase of FRP's assets by Alliant.

2.18    Cox approached his Supervisor, Romain, and inquired whether Plaintiff Cox and Alliant could provide an insurance quote to Pacific Coast Fiber.

2.19    It was Cox's understanding from Romain that Cox/Alliant could provide an insurance quote to Pacific Fiber so long as FRP was not owned by Alliant and were merely in negotiations.

2.20    Cox informed Romain, on at least two subsequent occasions, of Cox's intention to obtain an insurance quote for Pacific Coast Fiber. Romain did

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 6

not tell Cox that he was prohibited from providing an insurance quote to Pacific Coast Fibers or any customer of FRP.

2.21    Without the knowledge or permission of Pacific Coast Fiber, Romain contacted FRP and informed them that an Alliant agent was working on a quote for an FRP client that owned a pellet manufacturing facility.  Pacific Coast Fibers was the only client of FRP that owned a pellet manufacturing facility.

2.22    In August of 2016, Cox and Alliant provided Pacific Coast Fiber with an insurance quote from Philadelphia for a premium of approximately fifty thousand dollars ($50,000.00).

2.23    Richardson, as an agent for FRP, also provided Pacific Coast Fiber with competing insurance quotes from various providers.  The premiums in FRP's insurance quotes totaled approximately eighty-two thousand dollars ($82,000.00).

2.24    The property insurer proposed by FRP was Rainier Insurance Company, a surplus lines insurance company that is not admitted in the State of Washington and had an AM Best rating of A-VI.

2.25    In August of 2016, Pacific Coast Fiber informed Cox and Alliant that it was going to obtain its 2016-2017 property and casualty insurance from Cox. Pacific Coast Fiber was relying in part on the representations by Alliant that Cox would act as its agent.

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 7

2.26    The insurance policy coverage was bound effective August 31, 2016. Alliant received a commission of approximately $8,750 as a result of Pacific Coast Fiber's decision to purchase its insurance from Alliant based on its relationship with Cox. Cox was not paid any of that commission as required by his compensation agreements with Alliant.

2.27    In late August 2016, Pacific Coast Fiber informed FRP through its agent, Richardson, that it had agreed to purchase insurance from Philadelphia through Cox and Alliant for the 2016-17 policy period.

2.28    Alliant acquired certain assets of FRP on September 1, 2016. This was after Pacific Coast Fiber had agreed to purchase insurance through Cox and Alliant.

2.29    On September 13, 2016, Cox was told by Romain that FRP was angry Cox and Alliant had obtained insurance for Pacific Coast Fiber. Romain also indicated that FRP and Egan were interfering with the business relationships of Pacific Coast Fiber and Cox by threatening to cancel the sale of FRP to Alliant because Alliant had sold insurance to Pacific Coast Fiber.

2.30    On September 29, 2016, the interference by FRP, Egan and Alliant in the business relationships of Cox and Pacific Coast Fiber was completed when Romain informed Cox that his employment at Alliant was terminated "for cause" because Cox performed the duties of his position and obtained insurance for

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 8

Pacific Coast Fiber.    Romain claimed that Cox had violated what would have been an illegal and improper order to not compete with FRP, in order to deprive Pacific Coast Fiber of the advantage of a competitive market and the use of the insurance agent which it wished to use.    Romain also stated that it was Egan who had contacted Alliant and threatened to cancel Alliant's proposed acquisition of FRP because of Cox and Alliant providing insurance to Pacific Coast Fiber.    This despite the fact that Alliant and FRP were competitors and such conduct constituted not only tortious interference by Romain, Egan, Alliant and FRP, but also violated anti-trust laws and would have constituted price fixing.

2.31    Cox never received a verbal, written, electronic or other communication of any type from Romain or Alliant instructing him to refrain from quoting and binding insurance for FRP's clients.

2.32    Alliant does not have any written policies or procedures prohibiting its employees from providing insurance quotes to clients of other insurance agencies with whom Alliant is in negotiations to purchase.    Nor has there ever been any such policy or procedure communicated to Cox during his 10 years of employment with Moloney + O'Neill / Alliant.    In fact, in a similar situation, Romain had specifically agreed that Cox could compete with another agency even though they were in negotiations to be purchased by Alliant.

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 9

2.33    As a direct result of the above alleged actions by Defendants, Pacific Coast Fiber and Cox have both incurred and continue to incur damages.

## IV.
## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (COX - DECLARATORY RELIEF RE: NON-COMPETE AGREEMENT)

3.1    Cox incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

3.2    It is believed that Alliant will claim that Cox has a non-compete agreement ("non-compete") arising from his employment with Alliant.  Despite demand, Alliant has refused to provide a copy of any such agreement to Cox.  To date, Alliant has violated Washington law by refusing to provide Cox with a copy of his employment file and his personal belongings.

3.3    Any such non-compete would be unenforceable since Alliant acted in bad faith and materially breached its employment agreement with Cox, substantially defeating the purpose of the parties' Agreement.  In addition, Alliant wrongfully discharged Cox and intentionally interfered with his ability to perform under his employment agreement.  Any consideration for such non-compete either did not exist or failed.

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 10

4.5    Under the circumstances, any such non-compete would be unduly restrictive, unreasonable, and would restrict Cox's ability to work as an insurance agent and earn a living.

4.6    As a direct and proximate result of Alliant's wrongful termination and breach of employment agreement, Cox has incurred damages and continues to incur damages, which are irreparable should the non-compete remain in place and enforceable.

4.7    Cox seeks a declaratory judgment finding any agreement purporting to be a non-compete void as a matter of law because of Alliant's material breach and failure / lack of consideration, void as a matter of public policy, and finding that Cox may freely compete with Alliant for clients without restriction and work as an insurance agent.

## SECOND CAUSE OF ACTION
## (COX/PACIFIC COAST FIBERS - BREACH OF CONTRACT)

4.8    Cox incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

4.9    Cox and Alliant entered into an agreement wherein Plaintiff Cox was to receive an earn out as a result of Alliant purchasing Moloney + O'Neill, a company that Plaintiff Cox possessed an ownership interest in prior to the sale.

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 11

4.10    By the terms of the agreement, Cox agreed to continue as an employee of Alliant and maintain and/or increase his book of insurance business for set period of time and in consideration Plaintiff Cox would receive an earn out.

4.11    Cox did all things necessary to perform under the terms of the agreement, and Alliant materially breached the agreement by wrongfully terminating Plaintiff Cox in bad faith for cause before he could complete the full term of the agreement and receive his earn out.  In addition, Alliant, Romain and others were actively interfering with Cox's ability to perform under the Agreement, including but not limited to taking a portion of Cox's book of business and redistributing it to others without compensation.

4.12    Defendant Alliant's breach was material in that its actions substantially defeated the purpose of the contract depriving Cox of the benefit reasonably expected from the agreement and the work performed.

4.13    Pacific Coast Fiber entered into contractual agreements with Alliant based upon its confidential information being kept private and Cox being its insurance agent.  Alliant breached these agreements when Romain disclosed confidential information about Pacific Coast Fiber and terminated Cox from Alliant.

4.13   As a direct and proximate cause of Defendant Alliant's material breaches, Plaintiffs Cox and Pacific Coast Fiber have suffered damages in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
### (COX - BREACH OF CONTRACT AND COVENANT OF GOOD FAITH AND FAIR DEALING)

4.14   Plaintiff Cox incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

4.15   Implied in every contract in Washington is a covenant of good faith and fair dealing.

4.16   Alliant materially breached its agreement with Cox in bad faith by interfering with his performance and wrongfully terminating Cox for "cause", preventing Cox from completing the terms of the agreement and depriving him of his earn out.

4.17   Romain, as the result of the material breach, now has control and stand to personally gain from the substantial money (approximately $920,000.00) owed to Cox by the terms of the earn out agreement and by effectively usurping Cox's book of business and the compensation Cox would have earned prior to the earn out.

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 13

4.18   As a direct and proximate result of Alliant's bad faith breach of the parties agreements and  itsactions, Cox has suffered substantial damages in such amount as will be proven at trial.

**FOURTH CAUSE OF ACTION**
**(COX - TORTIOUS INTERFERENCE WITH A BUSINESS**
**EXPECTANCY)**

4.19   Plaintiff Cox incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

4.20   Cox possessed a valid agreement and business expectancy with Alliant where he agreed to continue as an employee of Alliant following the purchase of Moloney + O'Neill for a specified period and maintain his insurance book of business, and in return Cox was to receive an earn out of approximately $920,000.00 in 2017.

4.21   The earn out agreement creating the expectancy for Plaintiff Cox was established to prevent Alliant from terminating Moloney + O'Neill employees following the sale, retain employees book of insurance business, and restrict employees' ability to compete as insurance agents after requiring Moloney + O'Neill employees to enter into a new covenant-not-to-compete following the sale.

4.22   Romain had knowledge of Plaintiff Cox's earn out agreement with Alliant because he had the same agreement as a result of the sale of Moloney +

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 14

O'Neill to Defendant Alliant.  Romain also had knowledge of Cox's clients and book of business.

4.23    Defendant Romain intentionally terminated Plaintiff Cox in bad faith causing Plaintiff Cox's earn out agreement to be materially breached and to usurp Cox's book of business and client relationships.

4.24    Defendant Romain had knowledge that terminating Plaintiff Cox "for cause" could prohibit Plaintiff Cox from receiving his earn out payment.

4.25    Defendant Romain intentionally interfered with Plaintiff Cox's ability to complete the earn out agreement for personal gain, in that they now have access to Plaintiff Cox's earn out payment, the discretion to divide this payment any way they see fit and the ability to usurp commissions Cox would have earned from his book of business.

4.26    Plaintiff Cox also had a commission agreement with Defendant Alliant wherein he would be paid commissions from his insurance book of business at Defendant Alliant.

4.27    Defendant Romain interfered with Plaintiff Cox's commission agreement with Defendant Alliant by terminating Plaintiff Cox in bad faith, so that Defendants Romain could personally benefit from Plaintiff Cox's commission payments.

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 15

4.28    Defendant Romain's bad faith termination of Plaintiff Cox was for personal gain and not for the benefit of Defendant Alliant.

4.29    Plaintiff Cox has suffered and continues to suffer sustainable damages as a result of Romain's conduct and is entitled to damages in such amount as will be proven at trial.

### FIFTH CAUSE OF ACTION
### (COX - RETALIATION/WRONGFUL TERMINATION
### IN VIOLATION OF PUBLIC POLICY)

4.30    Plaintiff Cox incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

4.31    Romain, as an agent for Alliant, informed Cox he was terminated as a result of purportedly disobeying an order not to compete with FRP and by obtaining the business of Pacific Coast Fiber, who was a client of Alliant's direct competitor Defendant FRP.

4.32    Cox was able to obtain a substantially lower premium of $50,000 for Pacific Fiber, at a better rated insurance company, as opposed to the $82,000 quote provided to Pacific Coast Fiber by Defendant FRP.

4.33    Immediately prior to Cox obtaining insurance for Pacific Coast Fiber, Defendant Alliant was in the process of purchasing Defendant FRP.

4.34    Alliant's bad faith termination of Cox for providing better insurance at a lower rate to Pacific Coast Fiber than Alliant's direct competitor FRP,

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 16

contravenes Washington State public policy in that it affects the ability of Washington citizens to obtain the best insurance at the lowest rate possible and constitutes a violation of Anti-trust law and price fixing among competitors.

4.29    Because Cox would not participate in Alliant's restriction on fair competition and collusion with FRP to charge higher premiums to Pacific Coast Fiber for the benefit of both Alliant and FRP, Alliant retaliated against Cox by wrongfully terminating Cox's employment.

4.30    In addition, Cox had raised numerous issues with regard to Alliant's failure to provide payment of compensation earned but not paid.  Alliant retaliated against Cox for raising his demands to be paid as agreed upon in his compensation agreement.

4.31    As a result of Alliant's wrongful termination and retaliation, Plaintiff Cox has suffered and continues to suffer substantial damages in such amount as will be proven at trial.

## SIXTH CAUSE OF ACTION
## (COX - WRONGFUL TERMINATION)

4.32    Plaintiff Cox incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

4.33    Romain, as an agent for Alliant, informed Cox he was terminated as a result of disobeying a purported order not to provide an insurance quote and

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 17

ultimately obtain the business of Pacific Coast Fiber, who was a former client of Alliant's direct competitor FRP.

4.34   At no time did Cox receive a verbal, written, or electronic notice from Alliant, Romain, or any anyone on behalf of Alliant that Cox was not to provide an insurance quote and obtain the business of Pacific Coast Fiber.  Indeed, in a prior similar situation, Romain indicated that Cox should continue to compete with an Insurance broker that Alliance was in negotiations with to purchase.

4.35   Cox's termination was wrongful, unjustified, and unreasonable under the facts, circumstances, and polices/agreements of Alliant.

4.36   As a direct result of Cox's wrongful termination, he has suffered and continues to suffer substantial damages.

## SEVENTH CAUSE OF ACTION
## (COX - WILLFUL FAILURE TO PAY WAGES)

4.37   Plaintiff Cox incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

4.38   Cox is owed unpaid commissions payments earned by Cox as wages as an employee of Alliant.

4.39   The unpaid commission payments were earned wages by Cox as an employee of Alliant, and have not been paid to Cox following his termination from Alliant.

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 18

4.40   By not paying Plaintiff Cox these earned commission payments, Defendants Alliant and Romain have violated RCW 49.52. et. seq., and other applicable laws requiring the payment of wages to employees.  For purposes of Washington law, Romain was Cox's employer and has directed that wages owed not be paid.

4.41   As a direct result of Defendant Alliant's failure to pay Cox's earned commission wages, Cox has suffered and continues to suffer damages for unpaid wages.  As such, Cox is entitled to payment of the wages owed, double damages, interest and attorney fees and costs.

## EIGHTH CAUSE OF ACTION
## (COX /PACIFIC COAST FIBER CIVIL CONSPIRACY)

4.42   Plaintiff Cox and Plaintiff Pacific Fiber incorporate by reference all paragraphs of this Complaint as though fully set forth herein.

4.43   Alliant, FRP, Romain, and Egan entered into agreements for an improper purpose including to force Pacific Coast Fiber to pay a higher insurance premium than Pacific Fiber was able to obtain had no such agreement had existed.

4.44   The collusion between Alliant and FRP resulted in the wrongful termination of Cox because Cox provided insurance to Pacific Coast Fiber for a premium of $50,000, as opposed to the $82,000 premium quoted by FRP.

4.45    After FRP learned that Pacific Coast Fiber had obtained insurance from Alliant through its agent, Cox, FRP complained that Alliant took FRP's client.

4.46    Alliant ultimately terminated Cox claiming he disobeyed an order by quoting and providing the lower insurance premium.

4.47    As a direct result of the civil conspiracy agreement entered into between Defendants Alliant, FRP, Romain, and Egan, Plaintiffs Cox and Pacific Coast Fiber have suffered and continue to suffer damages in such amount as will be proven at trial.

## NINTH CAUSE OF ACTION
## (COX / PACIFIC COAST FIBER VICARIOUS LIABILITY)

4.48    Plaintiff Cox and Plaintiff Pacific Coast Fiber incorporate by reference all paragraphs of this Complaint as though fully set forth herein.

4.49    Defendant Romain is employed by Defendant Alliant.

4.50    At all times relevant herein, Defendant Egan was employed, owned, and was a principal of Defendant FRP.

4.51    All of the acts of Defendant Romain were conducted within the course and scope of his employment at Defendant Alliant.

4.52    Defendant Alliant is vicariously liable for the acts of its employee/agent Defendant Romain.

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 20

4.53    All of the acts of Defendant Egan were conducted within the course and scope of his employment at Defendant FRP.

4.54    Defendant FRP is vicariously liable for the acts of its employee/agent Defendant Egan.

## TENTH CAUSE OF ACTION
## (COX - UNJUST ENRICHMENT)

4.55    Plaintiff Cox incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

4.56    That as a result of the termination of Plaintiff Cox, Defendants Alliant, and Romain will receive the benefit of Plaintiff Cox's insurance book of business commissions, the benefit of restricting Plaintiff Cox's ability to solicit clients and act as an insurance agent, and the benefit of Plaintiff Cox's earn out payment.

4.57    The Defendants Alliant and Romain receive the above stated benefits at the expense of Plaintiff Cox and with the knowledge Cox expected to be paid for such.

4.58    The bad faith and wrongful termination of Plaintiff Cox makes it unjust for Defendants Alliant, and Romain to retain the benefit of Plaintiff Cox's commission payments, restrictions to solicit clients and perform work as an insurance agent, and to retain his earn out payment without payment.

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 21

4.59   Pursuant to the agreements of the parties and because of the wrongful termination of Plaintiff Cox, he is entitled to receive the above-stated benefits as damages.

## ELEVENTH CAUSE OF ACTION
## (PACIFIC COAST FIBERS / COX ANTIRUST VIOLATIONS 15 U.S.C.A.
## et. seq.)

4.60   Plaintiffs Pacific Coast Fiber and Cox incorporate by reference all paragraphs of this Complaint as though fully set forth herein.

4.61   Defendants Alliant and FRP entered into an anticompetitive agreement wherein Alliant and FRP, despite being direct competitors, would not provide a lower insurance quote to Pacific Coast Fiber when lower quotes were available, and would not place insurance at higher rated insurance companies when the premiums were lower for Pacific Coast Fiber.  On information and belief, this conduct was a pattern and practice of Alliant and Romain and also constituted price fixing in violation of the law.

4.62   Alliant wrongfully terminated its employee Cox as a result of Cox providing a lower insurance quote and ultimately obtaining the business of Pacific Coast Fiber, who was at that time a client of Alliant's direct competitor.

4.63   Alliant and FRP's conduct in restricting competition to raise the insurance premium of Pacific Fiber, and Alliant's retaliation against Cox to

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 22

terminate him for placing a lower insurance premium with a competitor's client is a violation of the antitrust laws of the Untied States.

4.64   The apparent agreement to restrict competition adversely affected Pacific Coast Fiber by having its insurance agent, Cox, terminated as a result of obtaining a lower premium, impacted the market and all customers of FRP, and effectively resulted in price fixing.            4.65   As a direct result of the anti-trust violations, Pacific Coast Fiber and Cox have suffered damages in an amount to be proven at trial.

## TWELFTH CAUSE OF ACTION
## (COX/PACIFIC COAST FIBER - CONSUMER PROTECTION VIOLATIONS; RCW 19.86 et. seq.)

4.65   Plaintiffs Cox and Pacific Coast Fiber incorporate by reference all paragraphs of this Complaint as though fully set forth herein.

4.66   Alliant and FRP engaged in unfair and deceptive practices by deterring Cox, agent of Alliant, and others from providing lower insurance premium quotes to FRP customers.

4.67   Alliant and FRP are direct competitors in the sale of insurance, and the unfair and deceptive act of deterring Cox from providing lower insurance quotes to Pacific Coast Fiber and other FRP customers occurred within the trade/commence of insurance sales; with the intended purpose of causing FRP

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 23

Customers to pay a higher insurance premium, resulting in higher commission payments.

4.68    Alliant and FRP acts affect the public interest, because the general public deserves the benefit of fair and unrestricted competition to insure the general public is paying the lowest possible insurance premiums for the best insurance available.

4.69    Plaintiff Pacific Coast Fiber was injured in its business, as was Plaintiff Cox in that he was terminated from his employment, lost substantial payments due to him as a result of his employment, and also the ability to conduct business as an insurance agent without restriction.

4.70    That Defendant Alliant's and Defendant FRP's unfair and deceptive practices were the direct and proximate cause of Plaintiff Cox's wrongful termination, and Pacific Coast Fiber not being provided with the benefit of its bargain.

4.70    Plaintiffs Cox and Pacific Coast Fiber have sustained damages as a direct result of the Defendant Alliant's and FRP's conduct in such amount as will be proven at trial.

## VIII.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Christian Cox and Pacific Coast Fiber Fuels, LLC request the following relief:

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 24

1.    For any non-compete/non solicitation agreement to be declared ineffective and void and for Plaintiff Cox to be able to freely compete as an insurance agent;

2.    For Damages in an amount to be proven at trial;

3.    For double damages pursuant to Washington's Minimum Wage Act;

4.    For treble damages pursuant to RCW 19.86. et. seq;

5.    For an award of Prejudgment Interest;

6.    For an award of any taxable consequences from the recovery of damages;

7.    For an award of attorney's fees and costs as may be allowed by applicable law,

8.    For other such award as the Court deems just; and

9.    Plaintiffs demand a jury trial.


DATED this 12th day of October, 2016.

ROBERTS | FREEBOURN, PLLC


_____ /s/ Kevin W. Roberts
Kevin W. Roberts, WSBA #29473
Chad Freebourn, WSBA#35624
313 W. Riverside Ave.
Spokane, WA 99201
*Attorneys for Plaintiffs*

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 25