KEVIN W. ROBERTS
CHAD FREEBOURN
ROBERTS | FREEBOURN, PLLC
313 W. Riverside Ave.
Spokane, WA 92201
Telephone: (509) 381-5262
Facsimile: (509) 473-9026
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTIAN COX, a married man, and PACIFIC COAST FIBER FUELS, LLC, a Washington limited liability company; and JOSEPH A. MAYO IV, a married man,<br><br>Plaintiff,<br><br>vs.<br><br>ALLIANT INSURANCE SERVICES, INC., d/b/a MOLONEY + O'NEILL, a Delaware corporation; DAN ROMAIN and JANE DOE ROMAIN, a marital community; FARMIN ROTHROCK & PARROTT, INC., a Washington corporation; and KELLY EGAN and JANE DOE EGAN, a marital community,<br><br>Defendants. | Case No.: 2:16-cv-00362-SAB<br><br>PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STAY LITIGATION<br><br>Date: December 15, 2016<br><br>Time: 1:30pm<br><br>ORAL Argument REQUESTED |

## I. INTRODUCTION

Plaintiffs Christian Cox, Pacific Coast Fiber Fuels, LLC, and Joseph Mayo IV, through their attorneys of record, Roberts Freebourn, oppose Defendants'

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION TO STAY LITIGATION- 1

Motion to Stay this Litigation. Defendants' hope that their frivolous Motion to Disqualify Attorney Kevin Roberts will somehow succeed does not justify bringing this litigation to a halt. Defendants present no factual or legal basis to delay the just, speedy, and inexpensive resolution of this litigation, and their Motion to Stay should be denied.

Defendants' Motion to Stay is based on their overly optimistic assumption that they will prevail on their Motion to Disqualify Roberts. See ECF 14. Specifically, Defendants argue without support that they "brought (their) motion to disqualify Plaintiffs' counsel based on Attorney Roberts' prior representation of Moloney + O'Neill in matters directly related to the allegations asserted against Defendant Alliant/Moloney + O'Neill." This is an untrue statement: Roberts and Dunn & Black represented Christian Cox and Moloney, O'Neill, Corkery & Jones, Inc. ("MOCJ") in adversarial negotiations against Defendant Alliant Insurance Services, Inc.. Defendants' mischaracterization of Roberts' and Dunn & Black's previous representation does not provide a basis for an order staying this litigation.

## II. ARGUMENT

**A. A Stay of Proceedings is not Warranted Under Rule 1 of the Federal Rules of Civil Procedure.**

Defendants' base their Motion to Stay on Fed. R. Civ. Pro. 1 which directs the Court to administer Rules of Civil Procedures "to secure the just, speedy, and

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION TO STAY LITIGATION- 2

inexpensive determination of every action and proceeding." Defendants fail to provide any evidence that delaying this action would secure the just, speedy, and inexpensive determination of this action. Rather, Defendants' motion does the exact opposite: it asks the Court to bring this litigation to a halt based solely on their hoping and wishing that their Motion to Disqualify will be successful. Thus Fed. R. Civ. P. 1 does not support a stay of these proceedings.

### B. Defendants Failed To Meet Their Burden To Make Out A Clear Case of Hardship That would Result From Moving Forward.

When considering a motion to stay, the Court should weigh competing interests and maintain an even balance. Landis v. N. Am. Co., 299 U.S. 248, 255 (1936), *citing* Kansas City Southern R. Co. v. United States, 282 U.S. 760, 763 (1931); Enelow v. New York Life Ins. Co., 293 U.S. 379, 382 (1935).The party moving for a stay *"must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else."* Landis, 299 U.S. at 255. The burden is upon the moving party to show good cause to issue a stay by demonstrating harm or prejudice that will result from the discovery. Rivera v. NIBCO, Inc., 364 F.3d 1057, 1063 (9th Cir.2004).

Defendants have failed to make out a clear case of hardship or inequity that would result from moving forward with this litigation under the timelines specified in the Federal Rules of Civil Procedure. Rather, they make vague, unsupported

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION TO STAY LITIGATION- 3

claims of efficiency and speculative costs. See ECF 14, p. 5. These vague claims do not justify a stay of proceedings, and their motion should be denied.

Defendants cite three District Court opinions from other districts, two of which are not reported. See ECF 14, p. 5. These cases are factually dissimilar to the facts present in this action. For example, in <u>Finn v. Harbor Metal Treating Inc.</u>, the stay was granted after the attorney was disqualified. The decision to issue a stay is based on the specific facts of the case. *See* <u>Landis</u>, 299 U.S. at 255. Defendants have failed to meet their burden to show good cause to issue an order staying these proceedings, and their Motion should be denied.

**C. Plaintiffs Will Be Prejudiced If These Proceedings Are Halted.**

Alliant wrongfully terminated Plaintiff Cox's employment, yet Alliant is also alleging that Plaintiff Cox is bound by restrictive covenants that are preventing Cox from pursuing his livelihood as an insurance agent. **Dec. of Freebourn, Ex. A.** Cox has filed for a Declaratory ruling from the Court that those restrictive covenants are void. See ECF 22. Cox needs to commence discovery as soon as possible to prevail on his Declaratory action. A stay of proceedings would prejudice him in that it further delays his ability to earn a living as an insurance agent.

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION TO STAY LITIGATION- 4

## III. CONCLUSION

Defendants have failed to meet their burden to demonstrate good cause to stay the proceedings in this action and to deprive Plaintiffs of a just, speedy, and inexpensive determination of this action. Plaintiffs therefore request that the Court deny Defendants' Motion to Stay.

We do not oppose a stay related to Defendants filing Answers or CR 12 Motions. However, we request that the procedural steps for discovery not be delayed. Accordingly, we request that the Defendants be required to participate in a FRCP 26 conference and that the scheduling conference be held to ensure that discovery is not delayed.

DATED this 16th day of November, 2016.

ROBERTS | FREEBOURN, PLLC

/s/ KEVIN W. ROBERTS
Kevin W. Roberts, WSBA #29473
Chad Freebourn, WSBA #35624
Attorneys for Plaintiff
313 W. Riverside Ave.
Spokane, WA 99201
Telephone: (509) 381-5262
Fax: (509) 473-9026
Email: kevin@robertsfreebourn.com
chad@robertsfreebourn.com

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION TO STAY LITIGATION- 5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 16th day of November, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send notification of such filings to the following:

Robert A. Dunn
bdunn@dunnandblack.com

Richard Wetmore
rwetmore@dunnandblack.com

Alexandria T. Drake
adrake@dunnandblack.com

Scott A. Meyers
Scott.meyers@akerman.com

Kasey F. Dunlap
Kasey.dunlap@akerman.com

Julian Dayal
Julian.dayal@akerman

ROBERTS | FREEBOURN, PLLC

/s/ KEVIN W. ROBERTS
Kevin W. Roberts, WSBA #29473
Chad Freebourn, WSBA #35624
Attorneys for Plaintiff
313 W. Riverside Ave.
Spokane, WA 99201
Telephone: (509) 381-5262
Fax: (509) 473-9026
Email: kevin@robertsfreebourn.com
chad@robertsfreebourn.com

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION TO STAY LITIGATION- 6