1  ROBERT A. DUNN
   RICHARD T. WETMORE
2  ALEXANDRIA T. DRAKE
   DUNN & BLACK, P.S.
3  111 North Post, Ste. 300
   Spokane, WA 99201-0907
4  Telephone: (509) 455-8711
   Facsimile: (509) 455-8734
5  Attorneys for Defendants
6

7

8

9        IN THE UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF WASHINGTON
10

11 CHRISTIAN COX, a married man;    )
   JOSEPH A. MAYO IV, a married man; )
12 and PACIFIC COAST FIBER FUELS,    )  Case No.: 2:16-cv-00362-SAB
   LLC, a Washington limited liability )
13 company,                          )
                                     )  **DECLARATION OF ROBERT A.**
14        Plaintiffs,                )  **DUNN IN SUPPORT OF**
                                     )  **DEFENDANT'S MOTION TO**
15                                   )  **DISQUALIFY PLAINTIFFS'**
     vs.                             )  **COUNSEL AND RESPONSE TO**
16                                   )  **PLAINTIFFS' MOTION TO**
                                     )  **DISQUALIFY DEFENDANTS'**
17 ALLIANT INSURANCE SERVICES,       )  **COUNSEL (ECF NOS. 11 & 26)**
   INC., d/b/a MOLONEY + O'NEILL, a  )
18 Delaware corporation; DAN ROMAIN  )
   and JANE DOE ROMAIN, a marital    )
19 community; FARMIN ROTHROCK &      )
   PARROTT, INC., a Washington       )
20 corporation; and KELLY EGAN and   )
   JANE DOE EGAN, a marital          )
21                                   )
   community,                        )
22                                   )
          Defendants.                )
23                                   )
                                     )
24 ─────────────────────────────────)

25

   DECLARATION OF ROBERT A. DUNN          **Dunn&Black**
   IN SUPPORT OF DEFENDANT'S              A Professional Service Corp.
   MOTION TO DISQUALIFY... - 1            111 North Post, Suite 300
                                          Spokane, WA 99201
                                          VOICE: (509) 455-8711 • FAX: (509) 455-8734

I, ROBERT A. DUNN, under penalty of perjury under the laws of the state of Washington, declare and state as follows:

1.  I am over the age of 18, have personal knowledge of and am competent to testify with regard to the matters contained herein.

2.  I am one of the attorneys of record for the Defendants herein.

3.  I have read Plaintiffs' Response in Opposition to Defendants' Motion to Disqualify, including the supporting Declarations, and Plaintiffs' Motion to Disqualify Defendants' Counsel, including the supporting Declarations (ECF Nos. 26-29 and 42-45).

4.  I have been practicing law as a licensed Washington State attorney since 1981 and am presently doing so with the law firm of Dunn & Black P. S.

5.  I am familiar with Washington Court Rules and the Washington Rules of Professional Conduct, and specifically RPC Rule 1.9 entitled **Duties to Former Clients.** RPC Rule 1.9 (a) provides that "*A lawyer who has formerly represented a client in a matter shall not thereafter represent another person **in the same or substantially related matter** in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.*" (Emphasis added).

6.  I am also quite familiar with the case of RWR Management Inc. v. Citizens Realty, et al., 133 Wash. App. 265 (2006) as I was the primary trial

**Dunn&Black**
A Professional Service Corp.

111 North Post, Suite 300
Spokane, WA 99201

VOICE: (509) 455-8711 • FAX: (509) 455-8734

lawyer and appellate lawyer in that case. Attorney Roberts was an associate lawyer in our law firm at the time assisting in the matter, both at trial and on appeal. Both the trial court and appellate court therein specifically considered whether matters in a pending suit against an attorney's former client were substantially related to matters on which the attorney or someone in his association previously represented the former client. The RWR Management decision made clear Washington's rule of law that if an attorney in present litigation had access to confidential information of an adverse client **material to the present suit**, the attorney should disqualify himself. Id. at 280.

7.    As a result of his specific involvement in the case of RWR Management, there is no question Attorney Roberts knows about the professional and ethical responsibilities he owed to his former clients Moloney + O'Neill involving the same or substantially related matters before he filed this lawsuit on 10/13/16.

**Kevin W. Roberts**

8.    In his Declaration Attorney Roberts asserts he ended his shareholder relationship with the law firm of Dunn, Black and Roberts P.S. at the end of September 2015. The fact is at the time, unbeknownst to his fellow shareholders Robert A. Dunn and John C. Black, Attorney Roberts had already formed his own law firm – Roberts | Freebourn, PLLC, on August 13, 2015, as registered with the

**Dunn&Black**
A Professional Service Corp.

111 North Post, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

State of Washington. Attached hereto as **Exhibit A** is a true and correct copy of the Washington Secretary of State's registration detail for Roberts Freebourn, PLLC.

9. This detail is significant given the representation made by attorney Roberts in his Declaration (ECF No. 27 at 3, ¶ 5) that during the time he was an attorney at our firm, he had a *"close working and social relationship"* with me. That simply is not a true statement with respect to the last several years. Aside from a one week jury trial culminating in June 2014, I had little interaction or involvement with him beyond occasional administrative issues I was required to address regarding his interactions with various female lawyers and staff members working for our firm.

10. For a period of well over 2 years before his termination from our firm, attorney Roberts had decreased his documented billable hours to far less than those worked by our firm's associate lawyers. As a result, and especially during his last 10 months as an employee at our firm, I infrequently saw attorney Roberts, who had become more and more disconnected from our firm apparently for various personal reasons. Thus, his statement that he and I would *"discuss on almost a daily basis client issues and confidential client information"* is pure fabrication.

**Dunn&Black**
A Professional Service Corp.

111 North Post, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

11. Likewise, his statement that he and I on an almost daily basis would *"work together to brainstorm ideas for approaching those issues and advising clients"* is also patently untrue as confirmed by available time keeping records kept for both myself and attorney Roberts.

**Christian Cox**

12. Christian Cox is a licensed attorney. Years ago, he was an associate lawyer with our firm before announcing to us that he was giving up the practice of law to sell insurance. We later learned he became an insurance agent, corporate secretary, and legal counsel for Moloney + O'Neill, and thereafter for Defendant Alliant Insurance Services, Inc. ("Alliant") following Alliant's acquisition of M+O on August 31, 2014 (the "Acquisition"). At no time has our firm ever represented Christian Cox in his individual capacity.

**Moloney + O'Neill ("M+O")**

13. Our law firm has represented M+O in a number of matters periodically over the years starting as early as March 2003 when Attorney Cox was still an associate lawyer in our law firm. The more recent matters we handled for M+O involved business matters generally related to employee issues or employment disputes. In that regard we opened a general file for M+O in April 2013 and it was Attorney Roberts who provided legal services to them related to that file.

DECLARATION OF ROBERT A. DUNN
IN SUPPORT OF DEFENDANT'S
MOTION TO DISQUALIFY... - 5

**Dunn&Black**
A Professional Service Corp.

111 North Post, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

14.     Roberts was still an attorney and a principal at Dunn & Black at the time that Cox, on behalf of and as corporate secretary for M+O, contacted Roberts on May 28, 2014 requesting that Dunn & Black provide legal services to M+O.  The specific services sought by M+O included reviewing and advising M+O regarding an Alliant Employment Agreement proposed by Alliant collateral to the Acquisition.  See Supp. Dec. of Wetmore, **Ex. A**.

15.     Accordingly, in May 2014, attorney Roberts opened an M+O general employment file, under which he provided legal advice to M+O relating directly to the Alliant Employment Agreement at issue, and billed them for his services.  See ECF Nos. 12 and 12-1.

16.     On June 5, 2016, Roberts sent M+O a Dunn & Black engagement letter, which Cox thereafter signed in his capacity as M+O's *"corporate secretary."*  Id.  Roberts and Dunn & Black thus proceeded to represent and bill M+O for legal services provided, accordingly.  A true and correct copy of our firm's billing statement to M+O for those legal services was previously filed as **Exhibit B** to the Declaration of Richard T. Wetmore (ECF No. 12 and 12-2).

17.     Written correspondence confirms that both Cox and Roberts were aware it was M+O's intent that Roberts review the employment agreements from a *"corporate perspective"*, and indeed, it was Cox who instructed Roberts to do so.  See Supp. Dec. of Wetmore, **Ex. A**.

DECLARATION OF ROBERT A. DUNN
IN SUPPORT OF DEFENDANT'S
MOTION TO DISQUALIFY... - 6

**Dunn&Black**
A Professional Service Corp.

111 North Post, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

18.    Attorney Roberts now apparently claims under the penalty of perjury that prior to his termination with our firm myself, he, and Attorney Alexandria T. Drake of our firm *"represented Christian Cox"* individually with respect to the impact of that Employment Agreement on Cox's personal interests. <u>See</u> ECF No. 27 at 2-3, ¶¶ 3, 4, and 5.   Roberts further asserts that Ms. Drake and Attorney Richard Wetmore of our office reviewed and discussed *"issues relating to the representation of Christian Cox",* and that he and I discussed or brainstormed ideas and issues *"on behalf of Christian Cox".* <u>See</u> ECF No. 27 at 2-3, ¶¶ 3, 4, and 5.  These statements are all absolutely false.

19.    Roberts' representation in his Declaration that *"After reviewing the Employment Agreement for Cox, I discussed the proposed Employment Agreement with attorney Robert A. Dunn of [Dunn & Black] and my recommendations to Cox were based in part on my discussions with Dunn"* is also patently false.  ECF No. 27, at 4, ¶ 8.  Indeed, the Employment Agreement was never reviewed for Cox individually; it was reviewed on behalf of our client, M+O.  The M+O billing records confirm that in fact, on May 28, 2014, Attorney Roberts conferred with me about the M+O Employment Agreement matter.  The only such *"review"* and/or *"discussion"* we had was actually on behalf of *M+O,* not Cox individually.  Roberts accordingly billed M+O for this work.  ECF No. 12-2, at 16 ("KWR" billing entry to M+O for *"Review emails from C. Cox;*

**Dunn&Black**
A Professional Service Corp.

111 North Post, Suite 300
Spokane, WA 99201

VOICE: (509) 455-8711 • FAX: (509) 455-8734

*Strategy conference with R. Dunn*".).  The subject of Cox and/or the effect of the Agreement on Cox's personal interests was never raised, much less discussed, nor would it have been ethically appropriate to do so.

20.    No record of and/or documents have been found to even remotely substantiate Roberts' newfound claim that he, much less anyone else at Dunn & Black purportedly provided *"off the books"* free legal advice to Cox in his *individual* capacity about any subject or issue.  This certainly includes any advice regarding the potential impact on Cox's *personal* interests posed by the proposed Alliant Employment Agreement for which M+O had retained and was paying our firm and Roberts to specifically review on its behalf.

21.    Roberts' self-serving claim that he never billed Cox for such alleged work is a patently transparent attempt to distract the Court from the absence of even a shred of documentary or other evidence supporting his new found claim that Cox was ever represented by Dunn & Black personally.

22.    The facts here as to Mr. Cox, are incontrovertible.  No file was ever opened identifying Christian Cox personally as a client of Dunn & Black; and no internal conflict check was ever run by Roberts to ensure representation of Cox was proper and/or appropriate under Washington's Rules of Professional Conduct. There are no internal memos, notes, or e-mails of any kind or nature reflecting a purported attorney/client relationship between our firm and Christian

**Dunn&Black**
A Professional Service Corp.

111 North Post, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

Cox individually relating to any matter ever, much less about or concerning the impact of the Alliant Employment Agreement on Cox's personal interests. Our firm was retained by M+O to review that Agreement for which M+O was being charged and paid.

23. At no time did Cox enter into and/or sign any type of an engagement letter with Dunn & Black in his individual capacity for the firm, much less Roberts, to provide legal services, advice, and/or representation to him personally. At no time was anyone at Dunn & Black and/or M+O or Alliant informed and/or otherwise made aware of any purported agreement that Roberts supposedly had agreed to represent or provide free legal advice to Cox individually on any matter, including but not limited to the effect of the Alliant employment agreement on Cox personally. At no time did any attorney currently working at Dunn & Black perform and/or provide any legal services for Cox individually, and/or obtain confidential factual information from or about Cox. At no time was anyone at Dunn & Black informed and/or made aware of anything to even remotely suggest that Roberts was allegedly providing unbilled legal services and/or advice to Cox in Cox's individual capacity, in direct conflict with and in derogation of his professional obligations to the firm's client, M+O.

24. Our firm's policy is and has been at all times, including the very first day that attorney Roberts began his employment as an associate lawyer fresh

**Dunn&Black**
A Professional Service Corp.

111 North Post, Suite 300
Spokane, WA 99201

VOICE: (509) 455-8711 • FAX: (509) 455-8734

from law school, that if any lawyer actually enters into an attorney/client relationship to render advice, that lawyer is required to open a file regardless of whether the matter is being billed or not, to ensure that insurance, professional, and ethical requirements are met. If attorney Roberts truly had agreed to represent Cox with respect to the employment agreement at issue behind the back of his client M+O, he did it unilaterally and surreptitiously in contravention of insurance, professional, and ethical obligations, as well as our firm's policy.

25. At no time did attorney Roberts ever suggest or state to me that he was representing Mr. Cox personally in any capacity or in any way, much less "*off the books*" while at the exact same time purporting to render directly related employment agreement advice to Mr. Cox's employer M+O, who was being charged by Mr. Roberts for that advice. At no time did attorney Roberts and I ever discuss any matters relating to Mr. Cox regarding the Employment Agreement that was being reviewed for our client M+O.

26. The evidence is overwhelming in support of the fact that our firm's only client during the time at issue, and especially relating to the legal assignment at issue received from them, was M+O. Attorney Roberts' sworn statements to the contrary in his Declaration at paragraphs 8 and 10 are unequivocally false. ECF No. 27.

**Dunn&Black**
A Professional Service Corp.

111 North Post, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

**Joseph A. Mayo IV**

27. Two Declarations were filed by Attorney Roberts on behalf of Plaintiff Mayo in this matter. The first was unsigned, filed on 11/15/2016. A signed version was then filed on 11/16/2016.

28. Contrary to the assertions contained in Mr. Mayo's Declarations, Dunn & Black has never represented Joseph Mayo IV or Pacific Coast Fiber Fuels, LLC ("PCFF") with respect to any matter involving or even remotely related to Christian Cox, and/or any attempt to acquire brokerage representation, and/or to negotiate or contract to obtain any insurance policy and/or premium for Mr. Mayo or PCFF.

29. Indeed, Dunn & Black appears to have represented Joseph Mayo IV in his <u>individual</u> capacity in only two matters. The first was a wholly unrelated lien dispute adverse to an individual named Chad Thomas, on or about September 2007.

30. The second was a personal injury case involving a California car crash occurring in September 2013. That case involved insurance claims asserted by Mr. Mayo and his wife against the insurance company of the at-fault driver

**Dunn&Black**
A Professional Service Corp.

111 North Post, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

(Viking Insurance), and against their own health and auto insurance companies[1] for personal injuries and property damage sustained in the crash. In April 2016, at the Mayo's request, Dunn & Black withdrew from representation of Mr. Mayo and his wife in resulting litigation that arose out of the Mayos' UIM claim. Roberts | Freebourn substituted in as counsel for the Mayos in that matter, at that time.

31. Mr. Mayo has never sought nor was he ever provided legal advice from Dunn & Black and/or any Dunn & Black attorney in any matter that related in any way to Attorney Cox. Dunn & Black likewise never represented or

---

[1] The Mayos' health insurance companies involved in the representation were Regence BlueShield and Assurant Health, and their auto insurance company was Mutual of Enumclaw ("MOE"). Dunn & Black communicated with Defendant Farmin, Rothrock, & Parrott, Inc. ("FRP") to obtain copies of the relevant insurance policy and endorsement documents. However, Dunn & Black was not involved in nor did it represent the Mayos, or obtain confidential factual information about the Mayos, that was related in any way, shape, or form to the brokerage of the policies, the Mayos' negotiation of premiums for the policies, and/or the Mayos' decision to enter into contracts to obtain any of the insurance policies at issue.

**Dunn&Black**
A Professional Service Corp.

111 North Post, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

advised Mr. Mayo in any matter relating to and/or regarding Mayo's purported attempts to obtain brokerage for any insurance policies, and/or to otherwise contract for new and/or to renew existing insurance policies or premiums.

32.     Dunn & Black has not represented Mr. Mayo in his personal capacity since it withdrew from representation of the car crash matter in April 2016. Further, Mr. Mayo is not a current client of the firm with respect to any matter.

33.     Mr. Mayo and I are both lawyers[2].  We are also neighbors living in the same gated housing development, and as a result are friendly social acquaintances.   On occasion over the course of our acquaintance we have discussed in social settings any number of topics, including some that involve the law and legal issues in general terms, just as I have done with many other of my neighbors, friends, and acquaintances.  During those conversations, third parties not licensed to practice law, including our spouses, other neighbors, and Attorney Mayo's family, were frequently present. However, at all times it was clear and understood that such conversations between neighbors never involved,

---

[2] According to the California State Bar Association website, Joseph Mayo is currently admitted and licensed to practice in the state of California.  He is also listed as being admitted but on inactive status with the Washington State Bar on the WSBA website.

DECLARATION OF ROBERT A. DUNN
IN SUPPORT OF DEFENDANT'S
MOTION TO DISQUALIFY... - 13

**Dunn&Black**
A Professional Service Corp.

111 North Post, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

implicated, or in any way gave rise to any confidential attorney-client relationship, and certainly did not constitute legal advice.

34.     It is significant to understand that if Plaintiffs' allegations in their Complaint are to be taken at face value, at least for purposes of the pending motion to disqualify, the only relevant time frame that any supposedly actionable conduct by the Defendants occurred is from August 2016 (ECF No. 2, ¶ 2.13) to September 29, 2016. ECF No. 2, ¶¶ 2.6 – 2.30.

35.     Notably, by August 2016, Mr. Mayo had already terminated our firm's representation of him and/or his companies on every matter that was ever opened as a file on his behalf, including the aforementioned wholly unrelated California car crash case.

36.     At no time, whether in a business setting or a social setting, did Mr. Mayo ever discuss with me insurance brokerage matters relating to any business entity he owned or operated. At no time did he ever reference or discuss the firm M+O, much less discuss any purported relationship with or about any other insurance broker. I was totally unaware that he even knew Christian Cox, much less that he purportedly had a *"long standing relationship"* with him as alleged in the Complaint at ¶2.5. This is most certainly true for the time frame of August 2015 to September 29, 2016 alleged in Plaintiffs' Complaint.

DECLARATION OF ROBERT A. DUNN
IN SUPPORT OF DEFENDANT'S
MOTION TO DISQUALIFY... - 14

37.     Contrary to Mr. Mayo's representation, he has never solicited nor been provided with legal advice from me or any other Dunn & Black attorney since we withdrew from representing him at his request in the California car crash matter in April 2016.  Neither I nor any other employee of Dunn & Black has ever obtained confidential factual information from Mr. Mayo that would even conceivably be material to the anti-trust, civil conspiracy, consumer protection act, and/or tortious interference claims now asserted by Plaintiffs in this matter.

### Pacific Coast Fiber Fuels, LLC ("PCFF").

38.     Similarly, Dunn & Black does not currently represent PCFF. Although Dunn & Black opened a general file for PCFF in 2013 to handle a dispute arising out of a lease agreement, there has been no activity on that file since the matter was resolved and the lawsuit initiated by PCFF dismissed on December 11, 2013.  The last bill sent to PCFF for legal work performed on that file was dated December 18, 2013. A true and correct copy of those billings are attached hereto as **Exhibit B**.

39.     The firm's PCFF file was thus formally administratively closed in February 2015.  Id.  Indeed, it was Plaintiffs' own attorney Kevin Roberts who signed off on the firm's authorization to close that file while he was still a principal and attorney at Dunn & Black, and who directed that all documents

**Dunn&Black**
A Professional Service Corp.

111 North Post, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

from the file be scanned and shredded. A true and correct copy of our firm's file control document reflecting the above is attached hereto as **Exhibit C.**

40. Dunn & Black has never represented PCFF on any matter involving or relating in any way to Attorney Cox. Further, Dunn & Black has never represented and/or advised PCFF in any matter involving or relating to PCFF's brokerage for, or any purported attempts by PCFF to obtain brokerage for, any insurance policies or premiums.

41. Dunn & Black has never represented and/or advised PCFF in any matter involving or relating in any way to attempts by PCFF to otherwise negotiate or contract for new and/or to renew existing insurance policies or premiums. Finally, Dunn & Black never obtained any confidential factual information from PCFF that is even conceivably material to claims asserted by Plaintiffs in this matter.

42. The assertions by Mr. Mayo that *"Pacific Coast Fiber considers Dunn and Black to be its attorneys on an ongoing basis"* (ECF No. 29, at 2, ¶5) and that he considers Dunn & Black as *"part of my legal team for Pacific Coast Fiber and my other companies"* (ECF No. 29, at 3, ¶10) are peculiar at best. This is especially since our firm's Pacific Coast Fiber file has been inactive for almost 3 years, and given that it was Attorney Roberts, the same attorney who had previously closed that file while still an attorney with Dunn & Black, who PCFF

**Dunn&Black**
A Professional Service Corp.

111 North Post, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

chose to file the present suit on Plaintiffs' behalf through Attorney Roberts and his new law firm.

43.     Regrettably Mr. Mayo is incorrect in his assertion that he disclosed private and confidential information to me about PCFF material to issues involved in this litigation. That is confirmed by the past billings for that entity, as my name has never appeared for any legal work performed on that file much less any other lawyer of our firm after 12/18/2013. See **Ex. B** attached hereto.

44.     Mr. Roberts' assertion at ¶11 of his Declaration (ECF No. 27 at 4) that I was somehow privy to PCFF's *"business strategies, his relationships with Insurance Brokers, and all financial information"* is simply contrived. He was the one who opened the PCFF file and did all of Mr. Mayo's work on it. I had zero involvement or exposure to any such matters relating to representation of that entity. See **Exhibit B** attached hereto.

**Joseph Mayo Companies other than PCFF.**

45.     Dunn & Black has not represented any company owned by Mr. Mayo since the PCFF matter was resolved and dismissed in December 2013.

46.     Although Roberts, while still an attorney of Dunn & Black, previously represented various companies in which Mr. Mayo has or had an ownership interest on an intermittent basis in the past, Dunn & Black is not "General Counsel" for all of Mr. Mayo's companies and never has been. Instead,

DECLARATION OF ROBERT A. DUNN
IN SUPPORT OF DEFENDANT'S
MOTION TO DISQUALIFY... - 17

**Dunn&Black**
A Professional Service Corp.

111 North Post, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

Dunn & Black has represented some of Mr. Mayo's companies with respect to specific and discrete matters, for which Mr. Mayo was routinely asked to enter into new engagement letters, with only isolated exceptions. Attached hereto as **Exhibit D** are true and correct copies of several engagement letters Mr. Mayo and/or his companies have entered into with Dunn & Black over the years.

47.    Dunn & Black's representation of certain of Mr. Mayo's companies never involved and/or related in any way to Mr. Mayo's alleged relationship with Cox or any Defendant named in this case, and/or to any purported efforts by Mr. Mayos' companies to obtain brokerage for any insurance policies, and/or to otherwise contract for new and/or to renew existing insurance policies or premiums.

48.    Dunn & Black never obtained any confidential factual information material to Mr. Mayo's and/or PCFF's claims in this matter, which all arise solely out of Mr. Mayo's and/or PCFF's alleged relationship with Cox, and/or their alleged attempts to obtain brokerage for and/or to negotiate to obtain new insurance policies and/or premiums from the Defendants. See ECF No. 22.

49.    The fact is over the years Mr. Mayo fired or released our firm from nearly every file opened on his behalf, formally ending our representation. In fact, in 2015, Mr. Mayo even refused to pay an outstanding invoice of $14,144.40 on one of his files, claiming that Attorney Roberts had supposedly written off that

**Dunn&Black**
A Professional Service Corp.

111 North Post, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

amount.    Attached hereto as **Exhibit E** is a true and correct copy of correspondence which was generated and kept in the ordinary course of business, sent to Mr. Mayo by our previous office manager, Tracy L. Tomlinson regarding this issue.

50.    To my knowledge Mr. Roberts and his new partner Chad Freebourn, are handling all of Mr. Mayo's legal matters, and have been doing so for some time, again evidenced by our firm's file control documents and other correspondence reflecting the transfer and/or closure of all Mr. Mayo's files. Attached hereto as **Exhibit F** are true and correct copies of numerous file control closure documents and correspondence confirming the transfer of representation of Mr. Mayo's companies to Chad Freebourn.

51.    Mr. Mayo concludes his Declaration stating he was not asked by Dunn & Black for consent to represent Defendants adverse to him. Yet, what his Declaration totally ignores, is that our firm has not represented any of his business entities for years prior to the relevant time frame, and has not represented him personally since his California car crash case, which he terminated us from earlier this year.   We certainly never represented him in any matter that was the same or a substantially related matter to the anti-trust, civil conspiracy, consumer protection act, and/or tortious interference claims he has asserted against our clients in this suit.

**Dunn&Black**
A Professional Service Corp.

111 North Post, Suite 300
Spokane, WA 99201

VOICE: (509) 455-8711 • FAX: (509) 455-8734

52.     Mr. Mayo's Declaration is also notably devoid of any assertions that any information he purportedly imparted to our firm in any of his prior totally unrelated matters for which legal services were provided, is in any way material to the allegations in the First Amended Complaint.  Mr. Mayo claims he was allegedly exposed to actionable conduct by Defendants after August 2016. By that time, our firm had no active files for him or his companies (even his personal injury claim ended with Dunn & Black in April 2016).  By 2016, Dunn & Black had transferred any prior Mayo files to the lawyers presently representing him months, and for the most part years before the relevant time frame.

53.     It is troubling that a concerted effort has been expended to concoct so-called "facts" in an attempt to create a purported conflict here where none exists.  In that regard, I have personally interviewed both the attorneys and staff of our firm consistent with RPC 1.10(b(1)(2) to confirm that no firm member represented any Plaintiff in the same or substantially related matter to that which is now before the Court and that no firm member has information protected by RPC 1.6 and 1.9(c) that is material to the present matter.

**Dunn&Black**
A Professional Service Corp.

111 North Post, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

1

This Declaration is made under penalty of perjury in Spokane, Washington

2  this ___2___ day of December, 2016.

3

4

5  ROBERT A. DUNN

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

DECLARATION OF ROBERT A. DUNN
IN SUPPORT OF DEFENDANT'S
MOTION TO DISQUALIFY... - 21

**Dunn&Black**
A Professional Service Corp.

111 North Post, Suite 300
Spokane, WA 99201

VOICE: (509) 455-8711 • FAX: (509) 455-8734

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 2nd day of December, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send notification of such filings to the following:

- Julian Dayal    julian.dayal@akerman.com, kelley.evans@akerman.com

- Kasey F Dunlap    kasey.dunlap@akerman.com, chicalendarclerk@akerman.com

- Kevin W Roberts    kevin@robertsfreebourn.com, lauren@robertsfreebourn.com

- Scott A Meyers    scott.meyers@akerman.com, kelley.evans@akerman.com, rich.nighswander@akerman.com

DUNN & BLACK, P.S.

s/ RICHARD T. WETMORE

RICHARD T. WETMORE, WSBA No. 40396
ROBERT A. DUNN, WSBA No. 12089
ALEXANDRIA T. DRAKE, WSBA No. 45188
Attorneys for Defendants
Dunn & Black, P.S.
111 North Post, Ste. 300
Spokane, WA 99201-0907
Telephone: (509) 455-8711
Fax:        (509) 455-8734
Email:      bdunn@dunnandblack.com
            rwetmore@dunnandblack.com
            adrake@dunnandblack.com

**Dunn&Black**
A Professional Service Corp.

111 North Post, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734