UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTIAN COX, a married man; JOSEPH A. MAYO IV, a married man; PACIFIC COAST FIBER FUELS, LLC, a Washington limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>ALLIANT INSURANCE SERVICES, INC., d/b/a MOLONEY + O'NEILL, a Delaware corporation; DAN ROMAIN and JANE DOE ROMAIN, a marital community; FARMIN ROTHROCK & PARROTT, INC., a Washington corporation; and KELLY EGAN and JANE DOE EGAN, a marital community,<br><br>Defendants. | NO. 2:16-cv-00362-SAB<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION TO STAY** |

Before the Court is Plaintiff Joseph A. Mayo IV ("Mayo") and Pacific Coast Fiber Fuels, LLC's ("PCFF") Motion for Reconsideration, ECF No. 141, Motion to Stay Briefing, ECF No. 142, and Motion to Expedite, ECF No. 143. The motions were heard without oral argument.

//

**ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION TO STAY** ~ 1

## Background

On September 19, 2017, the Court denied Mayo and PCFF's Motion for Voluntary Dismissal, ECF No. 88, as their Fed. R. Civ. P. 41 notice was ineffective pursuant to Ninth Circuit case law, and required those Plaintiffs to remain in the case. ECF No. 131. On September 29, 2017, Defendants filed a Motion for Judgment on the Pleadings. ECF No. 137. Mayo and PCFF request reconsideration of the Court's Order requiring them to remain in this case and seek a stay of briefing on Defendant's motion until such time as the Court rules on their motion for reconsideration. Having reviewed the case law and the submissions of the parties, the Court denies the motions.

## Standard

A party may ask the court to reconsider and amend a previous order. Fed R. Civ. P. 59(e) offers "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani,* 342 F.3d 934, 945 (9th Cir. 2003). A Rule 59(e) motion may be granted when: (1) there is an intervening change in controlling law; (2) the moving party presents newly discovered or previously unavailable evidence; and (3) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. *Turner v. Burlington N. Santa Fe R. Co.,* 338 F.3d 1058, 1063 (9th Cir. 2003).

## Discussion

Mayo and PCFF filed a Motion for Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a)(1). ECF No. 88. Rule 41(a)(1)(i) permits a party to dismiss their action without court order by notice before a defendant serves an answer or motion for summary judgment. Under *Etheridge v. Harbor House Restaurant*, 861 F.2d 1389 (9th Cir. 1988), a Rule 41 notice of dismissal is ineffective where no defendant is dismissed from the action. Plaintiffs have identified no intervening change of controlling law or newly discovered evidence upon which their motion for reconsideration is based. Additionally, Plaintiffs have identified no manifest

**ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION TO STAY** + 2

error of law or fact. Should Mayo and PCFF wish to dismiss their claims without prejudice, they may seek to amend their complaint. *See Etheridge*, 861 F.2d 1389.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff Joseph A. Mayo IV and Pacific Coast Fiber Fuels, LLC's Motion for Reconsideration, ECF No. 141, is **DENIED**.

2. Plaintiff Joseph A. Mayo IV and Pacific Coast Fiber Fuels, LLC's Motion to Stay Briefing, ECF No. 142, is **DENIED AS MOOT**.

3. Plaintiff Joseph A. Mayo IV and Pacific Coast Fiber Fuels, LLC's Motion to Expedite, ECF No. 143, is **GRANTED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 16th day of October 2017.



_____
Stanley A. Bastian
United States District Judge

**ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION TO STAY** + 3