ROBERT A. DUNN
RICHARD T. WETMORE
ALEXANDRIA T. DRAKE
DUNN & BLACK, P.S.
111 North Post, Ste. 300
Spokane, WA 99201-0907
Telephone: (509) 455-8711
Facsimile: (509) 455-8734
Attorneys for Defendants

SCOTT A. MEYERS (admitted *pro hac vice*)
KASEY F. DUNLAP (admitted *pro hac vice*)
JULIAN DAYAL (admitted *pro hac vice*)
AKERMAN LLP
71 S. Wacker Dr., Suite 4600
Chicago, IL 60606
Telephone: (312) 634-5700
Facsimile: (312) 424-5700
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTIAN COX, a married man; JOSEPH A. MAYO IV, a married man; and PACIFIC COAST FIBER FUELS, LLC, a Washington limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>ALLIANT INSURANCE SERVICES, INC., d/b/a MOLONEY + O'NEILL, a Delaware corporation; DAN ROMAIN and JANE DOE ROMAIN, a marital community; FARMIN ROTHROCK & PARROTT, INC., a Washington | Case No.: 2:16-cv-00362-SAB<br><br>**MOTION TO STRIKE JOSEPH A. MAYO IV AND PACIFIC COAST FIBER FUELS, LLC'S UNTIMELY AND NONRESPONSIVE RESPONSE TO MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION FOR ATTORNEYS' FEES**<br><br>**Hearing Date: December 7, 2017**<br>**Time: 6:30 p.m.**<br><br>**Without Oral Argument** |

MOTION TO STRIKE… - 1

corporation; and KELLY EGAN and )
JANE DOE EGAN, a marital )
community, )
                                        )
        Defendants. )
_____

## I. <u>MOTION</u>

Joseph A. Mayo IV and his company Pacific Coast Fiber Fuels, LLC continue to flagrantly flout this Court's Orders and ignore the Federal Rules of Civil Procedure. Mayo/Pacific's purported "Response" to Defendants' Motion for Judgment on the Pleadings on their specious antitrust and civil conspiracy claims is both untimely and nonresponsive. Accordingly, their "Response" should be stricken.

## II. <u>FACTS</u>

On September 19, 2017, the Court held that Mayo/PCFF's Motion for Voluntary Dismissal, filed in violation of the Court's Stay, was improper and ineffective. ECF No. 131.

On September 29, 2017, Defendants filed Defendants' Rule 12(c) Motion for Judgment Against Joseph A. Mayo IV and Pacific Coast Fiber Fuels, LLC on the Pleadings (Civil Conspiracy and Antitrust Violations Claims) and Request for Attorney Fees and Costs (hereinafter "Defendants' 12(c) Motion"). ECF No. 137.

MOTION TO STRIKE… - 2

Defendants' 12(c) Motion sought judgment dismissing Mayo/PCFF's antitrust and civil conspiracy claims with prejudice because: A) Mayo/PCFF failed to plead an antitrust injury and thus lacked standing; B) Mayo/PCFF's failed to satisfy the pleading requirements of Rule 8; C) Mayo/PCFF's antitrust claims are barred by the McCarran-Ferguson Act; and D) Mayo/PCFF failed to satisfy the "Agreement" element of a Civil Conspiracy claim under Washington law. Id. Defendants' Motion further requested that an award of attorney fees and costs be "*assessed against Mayo/Pacific and their counsel and awarded to Defendants pursuant to U.S.C. § 1927 and the Court's inherent powers.*" Id., at 44. Pursuant to Local Rule 7.1(b), Mayo/PCFF's response to Defendants' 12(c) Motion was due on October 20, 2017, 21 days from the date the Motion was filed.

On October 6, 2017, Mayo/PCFF filed a Motion for Reconsideration, seeking reconsideration of the Court's finding that their purported "Motion for Voluntary Dismissal" was ineffective. ECF No. 141. At the same time, Mayo/PCFF filed a Motion to Stay briefing on Defendants' 12(c) Motion pending the Court's ruling on its Motion for Reconsideration. ECF No. 142 at 2.

On October 11, 2017, Defendants responded to Mayo/PCFF's Motion to Stay, merely advising that Defendants had "*no objection to an <u>order</u> staying Plaintiffs' response briefing to Defendants' Motion for Judgment on the*

MOTION TO STRIKE… - 3

*Pleadings (ECF No. 137) until the November 7 2017 hearing date set for Mayo/Pacific's Motion for Reconsideration (ECF No. 141).*" ECF No. 144 (emphasis added).

Nonetheless, on October 16, 2017, the Court <u>denied</u> Mayo/PCFF's Motion to Stay. ECF No. 146. Following the Court's Order denying their Motion to Stay, Mayo/PCFF never requested nor did Defendants ever agree to any informal extension of the deadline imposed by the Local Rules for Mayo/PCFF's response to Defendants' 12(c) Motion. <u>See</u> Affidavit of Alexandria T. Drake.

On October 18, 2017, Mayo/PCFF filed a Notice of Appeal (ECF No. 147) (subsequently refiled by the Clerk as a Notice of Interlocutory Appeal (ECF No. 148)), announcing their intent to appeal (1) the Court's September 19, 2017 Order finding their Motion for Voluntary Dismissal ineffective, and (2) the October 16, 2017 Order denying their Motion for Reconsideration. Mayo/PCFF did not file any Motion to Stay proceedings pending their appeal.

Notably, Mayo/PCFF also failed to file any response to Defendants' 12(c) Motion on October 20, 2017.

On November 3, 2017, Defendants accordingly filed their timely Reply in Support of Rule 12(c) Motion for Judgment, asking that the Court enter judgment without further briefing and/or oral arguments dismissing Mayo/PCFF's antitrust

MOTION TO STRIKE… - 4

**Dunn&Black**
A Professional Service Corp.

111 North Post, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

and civil conspiracy claims with prejudice and awarding attorney fees and costs to Defendants. ECF No. 153.

Later that day, counsel for Mayo/PCFF emailed defense counsel, requesting that Defendants withdraw their request for order. Aff. of Drake, **Ex. A**. Mayo/PCFF represented through counsel that Defendants' Response to their Motion to Stay somehow entitled them to disregard the briefing deadline imposed by the Local Rules despite the Court's Order denying their Motion to Stay, and advised that they intended to file their Response to Defendants' 12(c) Motion on November 6, 2017. See Id.

On November 6, 2017, Mayo/PCFF filed their untimely "Response" to Defendants' 12(c) Motion. ECF No. 156. Mayo/PCFF also simultaneously filed a Motion to Extend Time to File Response to Defendants' Rule 12(c) Motion (Dkt. No. 137). ECF No. 154. Yet, Mayo/PCFF's Motion to Extend contains nothing more than a bald, belated demand for an extension of time to November 6, 2017 allowing for the filing of their response to Defendants' Rule 12(c) Motion. See Id. Mayo/PCFF do not even attempt to establish good cause and excusable neglect in support of their demand requesting permission to file their Response 17 days after the deadline imposed by the Local Rules. Id.

MOTION TO STRIKE… - 5

Furthermore, Mayo/PCFF's purported "Response" does not refute or address any of the substantive legal arguments asserted in Defendants' 12(c) Motion. Id. Mayo/PCFF instead erroneously suggest that their ill-conceived attempt to appeal this Court's inherently interlocutory Order rejecting their improper and ineffective Motion for *Voluntary Dismissal* somehow divested this Court of jurisdiction over Defendants' *12(c) Motion*. See Id.

### III. DISCUSSION

#### A. Mayo/PCFF's Response Must Be Stricken As Untimely.

Mayo/PCFF continue their pattern of gamesmanship and blatant disregard for this Court's Orders, the Local Rules, and the Federal Rules of Civil Procedure. Defendants' 12(c) Motion was filed on September 29, 2017. ECF No. 137. Mayo/PCFF's Response to Defendants' 12(c) Motion was thus due on October 20, 2017, 21 days after that Motion was filed pursuant to LR 7.1(b).

As is more fully discussed in Defendants' Objection to Plaintiffs' Motion to Extend Time, Mayo/PCFF utterly fail to justify their failure to timely file their Response in accordance with the Local Rules and/or to establish "good cause" and "excusable neglect" as required by Fed. R. Civ. P. 6(b). See ECF No. 154. Indeed, they do not even attempt to do so. Id.

**Dunn&Black**
A Professional Service Corp.

111 North Post, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

Local Rule 7.1(d) provides that "*[t]he failure to comply with the requirements of LR 7.1(a) or (b) may be deemed consent to the entry of an Order adverse to the party who violates these rules.*" Mayo/PCFF wholly failed to comply with LR 7.1(b), and make no effort to justify or even explain their failure to do so. Accordingly, Mayo/PCFF's "Response" to Defendants 12(c) Motion should be stricken, and judgment should be entered against them dismissing their antitrust and civil conspiracy claims with prejudice, and awarding Defendants their requested reasonable attorney fees and costs.

**B.     Mayo/PCFF's "Response" Is Non-Responsive.**

Mayo/PCFF's so-called "Response" to Defendants' 12(c) Motion is also non-responsive to Defendants' Motion, and is nothing more than yet another thinly disguised improper request for a Stay.

Mayo/PCFF make no effort to respond to the substantive legal arguments in Defendants' 12(c) Motion, underscoring that judgment should be entered dismissing with prejudice their frivolous antitrust and civil conspiracy claims. Mayo/PCFF instead apparently claim that their premature Notice of Interlocutory Appeal somehow divested this Court of jurisdiction over this matter. As an initial matter, that is not the case.

MOTION TO STRIKE… - 7

**Dunn&Black**
A Professional Service Corp.

111 North Post, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

To be discussed in greater detail in Defendants' Reply if the Court declines to strike Mayo/PCFF's Response[1], the Court's Order properly rejecting Mayo's/PCFF's attempt to voluntarily dismiss part of the claims in this matter under Fed. R. Civ. P. 41(a)(1) is not an appealable final judgment under 28 U.S.C. § 1291, nor is it an immediately appealable interlocutory decision.

"***Filing an appeal from an unappealable decision does not divest the district court of jurisdiction***." United States v. Hickey, 580 F.3d 922, 927–28 (9th Cir. 2009)(also citing United States v. Saccoccia, 18 F.3d 795, 800–01 & n. 8 (9th Cir.1994) for the proposition that "*Courts have uniformly held that challenges to district court jurisdiction can be fully vindicated on post-judgment appeal and are thus not subject to interlocutory appeal*."). Moreover, even if the Court's Order was an immediately appealable interlocutory or collateral order,

---

[1] Defendants expressly reserve and do not waive any arguments relating to the impropriety of Mayo/PCFF's appeal and/or regarding the continuing jurisdiction of this Court notwithstanding Mayo/PCFF's premature appeal. Defendants further expressly reserve the right to respond to Mayo/PCFF's arguments regarding the same and their arguments relating to Defendants' request for attorney fees and costs should the Court grant Mayo/PCFF's Motion to Extend and/or decline to strike their Response to Defendants' 12(c) Motion.

MOTION TO STRIKE… - 8

**Dunn&Black**
A Professional Service Corp.

111 North Post, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

which it is not, "*[a]bsent a stay, an appeal seeking review of collateral orders does not deprive the trial court of jurisdiction over other proceedings in the case, and an appeal of an interlocutory order does not ordinarily deprive the district court of jurisdiction except with regard to the matters that are the subject of the appeal.*" Britton v. Co-op Banking Grp., 916 F.2d 1405, 1412 (9th Cir. 1990). The merits (or lack thereof) of Mayo/PCFF's antitrust and civil conspiracy claims and/or the blatant insufficiency of their pleadings regarding those claims, are in no way the subject of their present appeal. That appeal deals solely with the Court's prior Orders rejecting their improper and ineffective Motion for Voluntary Dismissal.

Nonetheless, for purposes of the present Motion to Strike, Mayo/PCFF's arguments regarding the Court's jurisdiction are simply and wholly nonresponsive to the merits of Defendants' 12(c) Motion. This is because Mayo/PCFF do not even remotely address the substantive legal arguments asserted in Defendants' Motion in any way beyond challenging Defendants' request for attorney fees and costs. Accordingly, Mayo/PCFF's "Response" should be stricken.

//

//

MOTION TO STRIKE… - 9

## IV. CONCLUSION

Pursuant to the foregoing, Defendants respectfully request that the Court strike Mayo/PCFF's Memorandum In Response to Defendants' Motion for Judgment on the Pleadings and Motion for Attorneys' Fees as untimely and non-responsive.

DATED this 7th day of November, 2017.

>DUNN & BLACK, P.S.
>
>s/ ALEXANDRIA T. DRAKE
>ALEXANDRIA T. DRAKE, WSBA No. 45188
>ROBERT A. DUNN, WSBA No. 12089
>RICHARD T. WETMORE, WSBA No. 40396
>Attorneys for Defendants
>Dunn & Black, P.S.
>111 North Post, Ste. 300
>Spokane, WA 99201-0907
>Telephone: (509) 455-8711
>Facsimile: (509) 455-873
>bdunn@dunnandblack.com
>rwetmore@dunnandblack.com
>adrake@dunnandblack.com
>
>SCOTT A. MEYERS (admitted *pro hac vice*)
>KASEY F. DUNLAP (admitted *pro hac vice*)
>JULIAN DAYAL (admitted *pro hac vice*)
>AKERMAN LLP
>71 S. Wacker Dr., Suite 4600
>Chicago, IL 60606
>Telephone: (312) 634-5700
>Facsimile: (312) 424-5700
>scott.meyers@akerman.com
>kasey.dunlap@akerman.com
>julian.dayal@akerman.com
>Attorneys for Defendants

**Dunn&Black**
A Professional Service Corp.

111 North Post, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 7th day of November, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send notification of such filings to the following:

- **Christopher M Foster**
  cmf@randalldanskin.com,tlg@randalldanskin.com
- **David J Groesbeck**
  david@groesbecklaw.com,kelly@groesbecklaw.com
- **Thomas W McLane**
  twm@randalldanskin.com,tlg@randalldanskin.com
- **John Ray Nelson**
  john.nelson@foster.com,litdocket@foster.com,pam.mccain@foster.com

DUNN & BLACK, P.S.

s/ ALEXANDRIA T. DRAKE
ALEXANDRIA T. DRAKE, WSBA No. 45188
ROBERT A. DUNN, WSBA No. 12089
RICHARD T. WETMORE, WSBA No. 40396
Attorneys for Defendants
Dunn & Black, P.S.
111 North Post, Ste. 300
Spokane, WA 99201-0907
Telephone: (509) 455-8711
Fax:          (509) 455-8734
Email:     bdunn@dunnandblack.com
              rwetmore@dunnandblack.com
              adrake@dunnandblack.com

MOTION TO STRIKE… - 11

**Dunn&Black**
A Professional Service Corp.

111 North Post, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734